Filed 12/21/23  P. v. Lucio CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ISREAL JESSIE LUCIO,<br><br>Defendant and Appellant. | F085435, F085436<br><br>(Super. Ct. Nos. F22900441, F22905979)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Samuel Dalesandro, Judge.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Meehan, J. and De Santos, J.

## INTRODUCTION

Isreal Jessie Lucio (appellant) pleaded no contest to vehicle theft (Veh. Code, § 10851, subd. (a)) and second degree burglary (Pen. Code, §§ 459, 460, subd. (b)).[1]  He also admitted he suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior auto theft convictions (§ 666.5).  The trial court sentenced him to five years four months in state prison.

On appeal, appellant's appointed counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no error and asking this court to review the record and determine if there are any reasonably arguable issues on appeal.  Appellant was afforded an opportunity to submit a supplemental letter or brief but failed to do so in the time allotted.

We have conducted an independent review of the record and find no error.  We affirm.

## BACKGROUND

In superior court case No. F22900441, the Fresno County District Attorney's Office filed an information charging appellant with vehicle theft (Veh. Code, § 10851, subd. (a)), receiving a stolen motor vehicle (§ 496d, subd. (a)), and driving with a suspended license (Veh. Code, § 14601, subd. (a)).  The information also alleged a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior auto theft convictions (§ 666.5).

According to the preliminary hearing transcript, appellant was contacted by law enforcement driving a car that had been reported stolen.  The registered owner of the car confirmed it had been stolen and that appellant did not have permission to drive her car.

While this case was pending, the Fresno County District Attorney's Office filed a criminal complaint in superior court case No. F22905979, charging appellant with second

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

degree burglary (§§ 459, 460, subd. (b)) and grand theft (§ 487, subd. (a)), and alleging a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

According to the probation report, the victim reported an unknown person broke into his vehicle and stole his wallet and social security card. Appellant was identified as the perpetrator through surveillance footage.

At a plea hearing, appellant pleaded no contest in case No. F22900441 to vehicle theft (Veh. Code, § 10851, subd. (a)) and admitted the prior strike allegation and the two prior auto theft conviction allegations. In case No. F22905979, he pleaded no contest to second degree burglary (§§ 459, 460, subd. (b)) and admitted the prior strike allegation.

At sentencing, appellant requested the trial court dismiss his prior strike allegation finding pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The trial court denied the request based on appellant's extensive criminal history and prior unsatisfactory performance on probation and parole.

The trial court sentenced appellant to five years four months in state prison as follows. In case No. F22900441, the auto theft count with a prior auto theft allegation (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5), the court sentenced appellant to two years, doubled to four years by the prior strike. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)). In case No. F22905979, the second degree burglary count (§§ 459, 460, subd. (b)), the court sentenced appellant to one-third the middle term of two years (8 months), doubled by the prior strike, for a sentence of 16 months, to be served consecutively the vehicle theft count.

Appellant filed a notice of appeal in each case. He did not request a certificate of probable cause. We granted appellant's motion to consolidate the appeals.

## DISCUSSION

As noted above, appellant's counsel filed a *Wende* brief identifying no error and asking this court to review the record to determine whether there are any arguable issues

on appeal.  We have conducted an independent review of the record.  We find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.